MCH MWS: 2020R00700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. GLR-22-300 |
| | * | |
| v. | * | (Sex Trafficking of a Minor, 18 U.S.C. § |
| | * | 1591(a), (b)(2), and (c); Use of Interstate |
| MARLON PITTS, | * | Facilities in Aid of Racketeering |
| a/k/a "M Dot Pitts" | * | Enterprise, 18 U.S.C. § 1952; |
| a/k/a/ "Cali," | * | Transporting Individual to Engage in |
| | * | Prostitution, 18 U.S.C. § 2421; Aiding |
| Defendant. | * | & Abetting, 18 U.S.C. § 2; Forfeiture 18 |
| | * | U.S.C. §§ 981(a)(1)(C), 1594(d), 2428(a) |
| | * | and 21 U.S.C. § 853, 28 U.S.C. |
| | * | § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
### (Sex Trafficking of Children)

The Grand Jury for the District of Maryland charges that:

Beginning at a time unknown but in or about July 2020 and continuing through in or about November 2020, in the District of Maryland and elsewhere, the defendant,

**MARLON PITTS,**
a/k/a "M Dot Pitts"
a/k/a/ "Cali,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means a person, namely, Minor Victim 1, and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim 1, that Minor Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. §§ 1591(a), (b)(2), and (c).

## COUNT TWO
### (Use Interstate Facilities in Aid of Racketeering Enterprise)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown, but in or around 2017 and continuing through in or about August 2022, in the District of Maryland, the District of Columbia, and elsewhere, the defendant,

**MARLON PITTS,**
a/k/a "M Dot Pitts"
a/k/a/ "Cali,"

traveled in, caused someone else to travel in, and used a facility of interstate and foreign commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of the State of Maryland and of the United States, and thereafter performed and attempted to perform an act to promote, manage, establish, carry on and to facilitate the promotion, management, establishment and carrying on of said unlawful activity.

18 U.S.C. § 1952(a)(3)
18 U.S.C. § 2

## COUNT THREE
### (Transporting Individual to Engage in Prostitution)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown, but in or about August 2018 and continuing through in or about April 2019, in the District of Maryland, the District of Columbia, and elsewhere, the defendant,

**MARLON PITTS,**
a/k/a "M Dot Pitts"
a/k/a/ "Cali,"

did knowingly transport Victim 1 in interstate commerce, from Maryland to the District of Columbia, with intent that Victim 1 engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## COUNT FOUR
### (Transporting Individual to Engage in Prostitution)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown, but in or about May 2020 and continuing through in or about July 2020, in the District of Maryland, the District of Columbia, and elsewhere, the defendant,

**MARLON PITTS,**
a/k/a "M Dot Pitts"
a/k/a/ "Cali,"

did knowingly transport Victim 2 in interstate commerce, from Maryland to the District of Columbia, with intent that Victim 2 engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

5

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C), 1594(d), and 2428(a), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions under Counts One through Fourteen of this Indictment.

### Interstate Travel in Aid of Racketeering Forfeiture

2. Upon conviction of any of the offense set forth in Count Two, the defendant,

**MARLON PITTS,**
a/k/a "M Dot Pitts"
a/k/a/ "Cali,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s) of conviction.

### Transportation to Engage in Prostitution Forfeiture

3. Upon conviction of any the offenses set forth in Counts Three or Four, the defendant,

**MARLON PITTS,**
a/k/a "M Dot Pitts"
a/k/a/ "Cali,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a):

    a. any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

### Sex Trafficking of a Minor Forfeiture

4. Upon conviction of the offense set forth in Count One, the defendant,

**MARLON PITTS,**
a/k/a "M Dot Pitts"
a/k/a/ "Cali,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 1594(d):

   a. any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and

   b. any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

### Property Subject to Forfeiture

5. The property to be forfeited includes, but is not limited to, the following:

   a. Approximately $699 U.S. currency seized from a Chevrolet Cruze in Capitol Heights, Maryland on August 11, 2022
   b. Black Motorola Moto e6 cell phone seized on or about June 15, 2021
   c. Domain name warsetentertainment.com

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. §§ 981(a)(1)(C), 1594(d), and 2428(a)
21 U.S.C § 853(p)
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
_____
Foreperson

8/24/2022
_____
Date

8